UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY THOMPSON                            CIVIL ACTION

VERSUS                                      NO. 10-3204

TBC RETAIL GROUP, INC., ET AL              SECTION "C" (3)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the

jurisdictional amount existed at the time of removal and plaintiff's motion to remand.

Having reviewed the record, the memoranda of counsel and the law, the Court has

determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns an alleged personal injury sustained outside

defendant's store in Luling, Louisiana.   This matter was removed on the basis of

diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart

Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are

insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores

A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia,

S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth

Circuit advises the district courts that they should review their subject matter

jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th

Cir. 1999).  In order to remain in federal court, the removing parties must prove by a

preponderance of the evidence that the jurisdictional minimum exists. Id.   This

showing may be made by either: (1) demonstrating that it is facially apparent that the

claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

     The defendants have not met their burden to show that the jurisdictional amount

is facially apparent for present purposes, nor have they made a showing sufficiently

particularized to meet that burden.  No affirmative proof of the jurisdictional minimum

is presented.   Instead, the plaintiff has filed a stipulation that the claim does not exceed

the jurisdictional minimum.  Even if the stipulation is deficient for purposes La. Code

Civ. P. 893 A.(1), the Court finds that the record does not support a finding that this

Court had subject matter jurisdiction at the time of removal.   The Court has

consistently recognized that even if such a stipulation is not "binding" for purposes of

La. Code Civ. P. art. 862 under the reasoning in <u>Crosby v. Lassen Canyon Nursery, Inc.</u>,

2003 WL 22533617 (E.D.La.)(J. Vance), it is, nonetheless, strong evidence of the

jurisdictional amount for present purposes.

Based on the record and the law, the Court finds that the defendants have not

established subject matter jurisdiction.  In addition, the Court is mindful that removal

jurisdiction is strictly construed.  <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100

(1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 29th Judicial District Court

for the Parish of St. Charles,  State of Louisiana, for lack of jurisdiction under 28 U.S.C. §

1447(c).

New Orleans, Louisiana, this 16th day of March, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE